UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 6:10-CR-10-GFVT-HAI-6 ) |
| TINA ELIZABETH DAVIS, | ) RECOMMENDED DISPOSITION ) |
| Defendant. | ) ) ) |

*** *** *** ***

The Court, on referral (D.E. 354), considers reported violations of supervised release conditions by Defendant Tina Elizabeth Davis. District Judge Van Tatenhove entered a judgment against Defendant on February 24, 2011, for conspiring to distribute a quantity of pills containing oxycodone. D.E. 218. Defendant was sentenced to 63 months of imprisonment followed by three years of supervised release. *Id.* Defendant began her supervised release term on March 17, 2014. The Defendant violated her conditions of release and was re-arrested on August 14, 2014. D.E. 304. The Defendant stipulated to all four charged violations concerning Xanax and oxycodone, and was sentenced to twelve months and 1 day of incarceration with supervised release of thirty-one months to follow. D.E. 309. She was released on July 21, 2015, to begin her second term of supervised release.

**I.**

On September 20, 2016, the United States Probation Office ("USPO") issued a Supervised Release Violation Report, and secured a warrant from Judge Van Tatenhove for

Defendant's arrest. D.E. 353. The Report charges Defendant, in Violation #1, with violating Standard Condition #7, which provides that "[t]he defendant . . . shall not purchase, possess, use distribute, or administer any controlled substance . . . except as prescribed by a physician." Specifically, the Report states that, on August 23, 2016, Defendant reported to the USPO in London as instructed for drug testing, but was unable to provide a sample. Consequently, a sweat patch was placed on her person and was not removed until August 30, 2016. The patch was sent for testing, and a positive test result for methamphetamine was received on September 14, 2016. This is a Grade C violation.

The Report also charges Defendant, in Violation #2, with violating the condition of her supervision requiring that "[t]he defendant shall not commit another federal, state, or local crime." Specifically, the Report alleges that "due to Defendant's prior drug conviction and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, simple possession of methamphetamine" violates 21 U.S.C. § 844(a), which is a Class E Felony. This is a Grade B violation.

## II.

The Court conducted an initial appearance pursuant to Rule 32.1 on September 21, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 356. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon her under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

On September 26, 2016, Defendant's final revocation hearing was scheduled, but she requested a continuance while her attorney conducted additional research. D.E. 359. Her

request was granted. *Id*. At the final hearing on September 30, 2016, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. *Id.* Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations, as described in the Report. *Id.* The United States thus established Violations 1 and 2 under the standard of § 3583(e).

The parties differed as to the sentence to be imposed. The government argued for revocation with twelve months of incarceration and no further supervised release. Defendant argued for six months of incarceration, then six months of mandatory inpatient rehabilitation while on supervised release, and an additional term of supervised release to follow inpatient treatment.

## III.

The Court has evaluated the entire record, including the Supervised Release Violation Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of the Class C felony conspiracy to distribute oxycodone. *See* 18 U.S.C. §§ 846; 841(b)(1)(C); 3559(a)(3). Her conviction carries a 24-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation #1, and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 8–14 months. U.S.S.G. § 7B1.4(a).

The United States argued for revocation and twelve months of imprisonment. The government emphasized that Defendant has many previous violations and supervised release is no longer working to treat her addiction. The government argued that further supervision would be inappropriate and costly when the Defendant has repeatedly had the opportunity to get clean but has repeatedly failed. The government requested twelve months as a penalty and noted that Defendant's acceptance of responsibility is somewhat mitigating.

Counsel for Defendant argued for a sentence of six months of incarceration, then six months of inpatient rehabilitation, and an additional term of supervised release. Counsel emphasized that Defendant is finally defeated; previously, she felt invincible and confident in her

behavior. However, she is now hopeless and has accepted defeat and would be more open to long-term change from inpatient treatment. Counsel also argued that time in inpatient rehabilitation would be the final push she needs to abandon her drug addiction and get her life back on track.

Defendant addressed the Court and emphasized that she was ready to change. She asked the Court to help her overcome the temptations in real life outside the walls of confinement. She stated that incarceration would not be beneficial for her addiction, but she feels that inpatient treatment would be the final push and necessary environment to enable her to be strong enough to prevail. She also told the Court she was reading a Narcotics Anonymous book and this was an eye-opening experience for her as she seeks to abandon her addiction.

**IV.**

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because she possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The nature and circumstances of Defendant's underlying conviction are very serious. Defendant was involved in a dangerous drug conspiracy, and her role in the conspiracy suggests she possesses a

5

greater propensity for danger than a typical defendant because she ceased selling drugs after the arrest of a principal in the organization, but later resumed trafficking.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant previously experienced revocation of her supervised release due to use of controlled substances. Significant time, effort and resources have been expended on Defendant throughout her previous incarceration, supervised release and time spent in treatment facilities and programs. Each time Defendant uses a controlled substance she is not only committing a federal felony but is also endangering herself and the public. She is unable to grasp and overcome her addiction, and has a high risk of continued drug abuse. Clearly Defendant poses a threat to the safety of herself and others in the community.

As to opportunities for education and treatment, the Court is sympathetic to Defendant's continued addiction, but the record establishes that rehabilitation is not a viable option. Substance abuse treatment has not been successful in the past. Defendant completed the Bureau of Prisons Residential Drug Abuse Program ("RDAP"). RDAP is the best tool the Court has to provide substance abuse treatment to defendants. RDAP was Defendant's best chance to learn new behaviors and acquire skills to help her remain clean; the Court is left with no feasible option to offer Defendant in regard to substance abuse treatment despite defense counsel's suggestion for inpatient rehabilitation.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the

seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has breached the Court's trust in a significant manner. Defendant's record does not support sending her to inpatient rehabilitation. Instead, the record reflects that she will use drugs again. Drug use is dangerous to Defendant and others and feeds the market for drug trafficking. Incarceration is warranted to address the Defendant's significant breach of the Court's trust.

A sentence of twelve months is close to the top of the Guidelines Range. The Court declines to impose inpatient rehabilitation or waste any more resources on rehabilitative services. It is time for the Defendant to find the motivation to overcome her addiction, draw on the skills she has learned thus far, and find strength within herself to utilize them and get her life back on track following incarceration. The Court sympathizes with Defendant's addiction and troubled family life; however, she is going to be on her own in battling addiction after incarceration. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 21 U.S.C. § 846, with penalties described in 21 U.S.C. § 841, carries no maximum term of supervised release.

However, as noted above, the Court declines to expend anymore resources on supervised release for this Defendant.

Based on the foregoing, the Court **RECOMMENDS** revocation and a term of imprisonment of **TWELVE MONTHS, with no supervised release to follow.**

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 4th day of October, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge