UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. Nos.: 6:10-cr-00010-GFVT-HAI |
| v. ) | |
| ) | **ORDER** |
| TINA ELIZABETH DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly A. Ingram [R. 361] filed herein on October 4, 2016. The Defendant, Tina Elizabeth Davis, was charged with two violations of her Supervised Release after testing positive for methamphetamine use. [*Id*. at 1.]

Davis first violated the terms of her supervised release in August 2014. [*Id.*] At that time, the court revoked Davis's supervised release, sentenced Davis to twelve months and one day, and reimposed supervised release for a period of thirty-one months to follow. [*Id.*] The Defendant began her second term of supervised release term on July 21, 2015. [*Id.*]

The Defendant's current supervised release violation is outlined in a Supervised Violation Report issued by the United States Probation Office on September 20, 2016. [*Id.* at 1.] The Defendant reported to the US Probation Office on August 23, 2016, but was unable to provide a urine specimen for drug testing. As a result, a sweat patch was placed on her person and was removed on August 30, 2016. The patch was sent for testing and tested positive for

methamphetamine on September 14, 2016. [*Id*. at 2.] This resulted in two violations to Defendant's Supervised Release. Violation #1, using a controlled substance, is a Grade C violation. Violation #2, committing the crime of using methamphetamine, is a Grade B violation. [*Id.*]

Upon evaluation of the entire record, including the most recent Supervised Release Violation Report and accompanying documents; and the sentencing materials from the underlying judgments in this District, Magistrate Judge Ingram issued an R&R recommending revocation and a term of imprisonment of twelve months with no supervised release to follow. [*Id*. at 8.] The R&R noted that inpatient rehabilitation, as requested by the Defendant, has been ineffective in the past and would likely be ineffective in the future. Additionally, Judge Ingram noted Defendant's repeated breach of the trust of the Court. [*Id*. at 7.] As such, the Magistrate Judge did not recommend inpatient drug treatment following incarceration. [*Id*. at 7.] Further, the Defendant's right of allocution was preserved. [R. 364.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.       The Magistrate's Recommended Disposition [**R. 361**] as to Tina Elizabeth Davis is **ADOPTED** as and for the Opinion of the Court;

2.       Tina Davis is found to have violated the terms of her Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

3.       Ms. Davis's Supervised Release is **REVOKED**; and

4.       Ms. Davis is hereby sentenced to a term of incarceration for **twelve (12) months** with no supervised release to follow.

This 21st day of November, 2016.

Gregory F. Van Tatenhove
United States District Judge